U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | CR-16-108 (RJD) |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Miguel Trujillo | Preliminary Order of Forfeiture |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

United States Marshals Service

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

225 Cadman Plaza East, NY 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

ROBERT L. CAPERS, United States Attorney
Eastern District of New York
271 Cadman Plaza East, Seventh Floor
Brooklyn, New York 11201
Attn: AUSA, Brian Morris

| | |
|---|---|
| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold

Please execute as directed in the Preliminary Order of Forfeiture.  Please deposit TD Bank Check # 75819179-2 in the amount of $100,000.00 into the Seized Asset Deposit fund.

16-FBI-002329

| Signature of Attorney other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|
| *Nueve Bran for Brian Morris* | 718 254-7000 | 7/18/16 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (*Sign only for USM 285 if more than one USM 285 is submitted*) | Total Process | District of Origin No. 53 | District to Serve No. 53 | Signature of Authorized USMS Deputy or Clerk | Date 7/18/16 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (*See remarks below*)

Name and title of individual served (*if not shown above*)

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (*complete only different than shown above*)

| Date JUL 20 2016 | Time | ☐ am ☐ pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| 65 | | | 65 | | $0.00 |

REMARKS: $100,000.00 deposited into SADF on JUL 20 2016

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

16-108-3

Form USM-285
Rev. 12/80

JDG:EMN/PT/AH/NS/KDE/BDM
F.#2016R00286

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

MIGUEL TRUJILLO,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

16 CR 108 (RJD)

WHEREAS, on or about March 8, 2016, MIGUEL TRUJILLO (the "defendant"), entered a plea of guilty to Counts One through Four of the above-captioned Information, charging violations of 18 U.S.C. § 1956(h), 18 U.S.C. § 1349 and 26 U.S.C. § 7206(1);

WHEREAS, the defendant acknowledges that money and property are subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1349 and 1956(h), as alleged in the Information; and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of: (a) any and all funds on deposit in Multibank Inc. Account Number 1001255890 held in the name of Sport Tournaments & Rights, Inc., and all proceeds traceable thereto (the "Forfeited Account"); and (b) the sum of $495,000 (the "Forfeiture Money Judgment"), which represents profits and fees the defendant received in connection with the bribery and money laundering schemes alleged in the Information, as property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. §§ 1349 and 1956(h) and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.     The defendant shall forfeit to the United States the Forfeited Account and the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.     The defendant consents to the immediate seizure of the Forfeited Account by or on behalf of the United States and agrees to execute any documents necessary to effectuate the seizure.

3.     The defendant consents to the entry of the Forfeiture Money Judgment. The defendant shall pay the sum of $50,000 on the date of entry of his guilty plea (the "Initial Due Date"); shall pay $250,000 within six months of the entry of his guilty plea (the "Intermediate Due Date"); and shall pay the remainder in full within twelve months of the date of entry of his guilty plea (the "Final Due Date") (the "Initial Due Date," the "Intermediate Due Date" and the "Final Due Date" referred to generally as the "Applicable Due Date").   In the event that the defendant is sentenced prior to the Final Due Date, the defendant shall pay the Forfeiture Money Judgment in full on or before the date of the defendant's sentencing.

4.     The defendant acknowledges that the U.S. Attorney's Office, at its sole discretion, may seek to forfeit the Forfeited Account and the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding.   The defendant consents to the entry of an administrative declaration of forfeiture as to the Forfeited Account and any payments made towards the Forfeiture Money Judgments and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to the Forfeited Account

and any payments made towards the Forfeiture Money Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of the Forfeited Account and any payments made towards the Forfeiture Money Judgment.

5.    All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier when due to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks. The defendant acknowledges that the Forfeited Account and all funds paid by the defendant pursuant to this paragraph, shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or her designee of the Forfeited Account and all funds paid by the defendant pursuant to this paragraph, up to the total amount of the restitution ordered, in accordance with the provisions of 18 U.S.C. § 1963(g), 21 U.S.C. § 853(i), and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

6.    If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof from that date

at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2).   If the defendant fails pay any

portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the defendant

consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money

Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any

other applicable law.

   7. Upon entry of this Order, the United States Attorney General or her

designee is authorized to seize the Forfeited Account and to conduct any proper discovery, in

accordance with Fed. R. Crim. P. 32.2(b)(3) and (c) and to commence any applicable proceeding

to comply with statutes governing third-party rights, including giving notice of this order.

   8. The United States shall publish notice of this Preliminary Order, in

accordance with the custom and practice in this district, on the government website

www.forfeiture.gov, of its intent to dispose of the Forfeited Account in such a manner as the

Attorney General of her designee may direct.   The United States may, to the extent practicable,

provide direct written notice to any person known or alleged to have an interest in the Forfeited

Account as a substitute for published notice as to those persons so notified.

   9. Any person, other than the defendant, asserting a legal interest in the

Forfeited Account may, within thirty (30) days of the final publication of notice or receipt of

notice, or no later than sixty (60) days after the first day of publication on an official government

website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the

validity of his or her alleged interest in the Forfeited Account, and for an amendment of the order

of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).   Any petition filed in response to notice of the

forfeiture of the Forfeited Account must be signed by the petitioner under penalty of perjury and

shall set forth the nature and extent of the petitioner's right, title, and interest in the property, the

time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

10.     The defendant agrees to fully assist the government in effectuating the forfeiture of the Forfeited Account and the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title of the Forfeited Account or any substitute assets to the United States.   The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to the Forfeited Account or any property against which the government seeks to execute the Forfeiture Money Judgments in any administrative or judicial proceeding.

11.     The failure of the defendant to forfeit any monies and/or properties as required herein, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government.   Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

12.     The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.   In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.   The defendant agrees that forfeiture of the Forfeited Account and entry or payment of the Forfeiture Money Judgment is not to be

6

considered a fine, penalty, restitution loss amount, or any income taxes or civil penalties that may be due and shall survive bankruptcy.

13.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture is hereby made final as to the defendant.   Pursuant to Fed.R. Crim. P. 32.2(b)(4)(B), this Order shall be made part of the defendant's sentence and included in his judgment of conviction.   If no third party files a timely claim, this Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).   At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

14.     The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

15.     This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

16.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

17.     The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's Office,

7

Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       March 8, 2016

( *s/* RJD
  _____
  HONORABLE RAYMOND J. DEARIE
  UNITED STATES DISTRICT JUDGE